IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MAX C. CHADWICK,

                    Petitioner,

          v.                              CASE NO.12-3052-SAC

PHYLLIS GILMORE, et al.,

                    Respondents.



## O R D E R

     Petitioner proceeds pro se and in forma pauperis on a petition
seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner
is held in the Larned State Hospital following his civil commitment
pursuant to the Kansas Sexually Violent Predator Act (KSVPA), K.S.A.
59-29a01 *et seq.*  Having reviewed the record which includes
respondents' Answer and petitioner's Traverse, the court finds
petitioner has not demonstrated any basis for federal habeas corpus
relief.

**Background**

     Petitioner was convicted in Finney County, Kansas of aggravated
sexual battery and indecent liberties with a child.  In 1991, the
Finney County District Court sentenced petitioner to serve a prison
term of seven to twenty years. In March 2001, the Kansas Attorney
General commenced proceedings in the District Court of Finney County
to have petitioner committed for care and treatment as a sexually
violent predator pursuant to the KSVPA.

Following a June 2001 hearing on the State's petition, the state district court accepted petitioner's stipulation and a Larned State Security Hospital (LSSH) clinical report, found petitioner met the criteria for a sexually violent predator, and ordered petitioner committed to the Kansas Department of Social and Rehabilitative Services for care and treatment.

In April 2010, petitioner sought relief under K.S.A. 60-260 in the district court from the 2001 commitment order. The Finney County District Court denied that motion, a decision upheld by the Kansas appellate courts. *In re Chadwick*, 285 P.3d 387, 2011 WL 3795483 (Kan.App.2011)(unpublished), *rev. denied* (2012). Petitioner initiated the instant action ten days later, alleging the state State's initiation of civil commitment proceedings some nine years before petitioner's scheduled release from prison did not comply with the timing provisions for initiating proceedings under the KSVPA.[1] Petitioner also claimed the state district court lacked jurisdiction to commit petitioner because it did not afford petitioner an actual trial.

## DISCUSSION

A federal district court has jurisdiction to entertain a petition for a writ of habeas corpus by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Generally in this Circuit, a habeas petition under 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction or sentence, while a habeas petition under 28 U.S.C.

_____

[1] Respondents expressly waive any statute of limitations argument in this matter, noting it is unclear how the one-year statute of limitations in K.S.A. 28-2244(d) applies to the circumstances of the instant petition.

§ 2241 is used to challenge the execution of a sentence. See *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir.1997)(a challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution of his sentence is properly brought pursuant to § 2241).[2] A sexually violent predator committed pursuant to the KSVPA is a person confined pursuant to the judgment of a state court, and may challenge the fact or duration of his civil commitment by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001).[3]

Here, the state district court denied petitioner relief on his 2010 motion for relief from the 2001 judgment, first finding it was not filed within a reasonable time as required for seeing relief under

[2] The following analysis by the Eleventh Circuit of these two habeas provisions is instructive:

"[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ-to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court", his petition is subject to § 2254. If however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

*Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003), *cert denied*, 541 U.S. 1032 (2004).

[3] In *Duncan*, the United States Supreme Court stated:

"Nothing in the language of [28 U.S.C. § 2244] provisions requires that the state court judgment pursuant to which a person is in custody be a criminal conviction. Nor does 28 U.S.C. § 2254 ... by its terms apply only to those in custody pursuant to a state criminal conviction. . . . Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the 'in custody' requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt."

533 U.S. at 176. *See also Merryfield v. Kansas, 2009 WL 3125470, *1 (D.Kan.2009)(unpublished)*.

K.S.A. 60-260(b).  *See In re Chadwick,* 2011 WL 3795483 at **1-3
(2012)(detailing the procedural history in Chadwick's case).  The
state district court further found that petitioner had stipulated to
the admission and content of the LSSH report, and that the court had
independently determined that petitioner was a sexually violent
predator based on the content of that report.  *Id.*

The Kansas Court of Appeals affirmed, finding the district
court's decision could be affirmed simply on the basis that petitioner
did not seek relief under K.S.A. 60-260(b) in a timely manner.  *Id.*
The state appellate court further found petitioner had not designated
an adequate record for review of the district court's factual
determination that petitioner had been afforded a trial in 2001, and
found the district court's 2001 journal entry of commitment was not
void for lack of subject matter jurisdiction because any failure to
comply with KSVPA timing provisions in K.S.A. 59-29a03 and 29a04 was
not jurisdictional.  *Id.*

This matter is governed by the Antiterrorism and Effective Death
Penalty Act of 1996 (AEDPA).  Under the AEDPA, when a claim has been
adjudicated on its merits in the state courts, a federal court may
grant habeas corpus relief only if the petitioner shows that the state
court's decision was "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States," or "was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

Absent clear and convincing evidence to the contrary, a federal
habeas court must presume the factual findings of a state court are

correct. 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz,* 392 F.3d 1166, 1175 (10th Cir.2004). A federal court has no authority in habeas corpus to review a state court's decision concerning the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)(explaining it is not the province of federal habeas corpus review to re-examine state-court decisions on state-law questions). Rather, a federal habeas court may consider only whether the conviction or confinement being challenged violates the U.S. Constitution, federal law, or treaties. 28 U.S.C. § 2241.

Accordingly, to the extent petitioner contends the State's initiation of the 2001 commitment proceedings violated timing provisions in KSVPA, this alleged error is based on state law and clearly challenges the state courts' interpretation of KSVPA. Petitioner's jurisdictional claim based upon the State's timing of the civil commitment proceeding against him thus entitles petitioner to no relief under § 2254.

Likewise, to the extent petitioner contends the state district court lacked jurisdiction in the 2001 civil commitment proceeding because the informal hearing held in the Finney County District Court in 2001 did not afford him a trial in compliance with the KSVPA guidelines for initiating sexually violent predator proceedings, petitioner advances no evidence to rebut the state district court's factual finding that a trial had been conducted.

## CONCLUSION

For the reasons stated herein, the court finds petitioner has not presented any claim that suggests constitutional error in the state civil commitment proceedings against him, or in the denial of

petitioner's motion for relief from that 2001 judgment.  The Kansas courts adjudicated his claims on the merits, and there is no showing of any decision that was contrary to clearly established federal law or of any unreasonable determination of the facts.  Moreover, the rulings of the Kansas courts rest upon their interpretation and application of state law, which are matters outside the province of this court's review in habeas corpus.  Finding no cognizable ground for habeas corpus relief, the court denies the petition.

IT IS THEREFORE ORDERED that this matter is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 10th day of July 2013 at Topeka, Kansas.

s/ Sam A Crow
SAM A. CROW
U.S. Senior District Judge